UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAY MEDINA, | ) | Civil No. 09cv169 JAH (CAB) |
| Plaintiff, | ) ) | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| v. | ) ) | |
| B. MORRIS, et al, | ) ) | |
| Defendants. | ) ) ) | |

On January 28, 2009, *pro se* Plaintiff Ray Medina filed a complaint pursuant to 42 U.S.C. §1983. Plaintiff filed an ex parte motion for a temporary restraining order on December 23, 2010. In that motion, plaintiff seeks an order enjoining defendants, their successors in office, agents, employees, and all other persons acting in concert and participation with them from (1) "setting-[plaintiff]up for further assault; (2) abusing plaintiff; and (3) destroying or losing plaintiff's property. Plaintiff also requests an emergency transfer to the "Lancaster HUB E.O.P." program with all of his property and files.

Under Federal Rule of Civil Procedure 65(b), "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can

be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

After a careful consideration of the pleadings presented, this Court finds that plaintiff has sufficiently met the requirements for issuance of a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, in that plaintiff has sufficiently demonstrated irreparable harm and the balance of hardships tip sharply in plaintiff's favor. Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS, 306 F.3d 842, 873 (9th Cir. 2002); Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999); Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). Therefore, this Court deems it appropriate to grant plaintiff's motion for a temporary restraining order in part and enjoin defendants, their successors in office, agents, employees, and all other persons acting in concert and participation with them from (1) assaulting or abusing plaintiff; and (2) destroying or losing plaintiff's property.  However, this Court does not deem it appropriate to order the transfer of plaintiff to a different facility at this time.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's request for a temporary restraining order is GRANTED IN PART. Defendants, their successors in office, agents, employees, and all other persons acting in concert and participation with them are HEREBY ENJOINED from (1) assaulting or abusing plaintiff; and (2) destroying or losing plaintiff's property.
2. A hearing on Plaintiff's motion for preliminary injunction will be held before this Court on **January 4, 2011 at 10:00 a.m.** Defendants shall arrange for plaintiff to appear telephonically at this hearing.
3. Defendants shall file and serve a response to the motion for preliminary

1         injunction no later than noon on **December 29, 2010.**

2    4.    Plaintiff may orally reply to this motion during the hearing on **January 4,**
3         **2011.**

6  Dated: December 23, 2010                 _____
7                                                           John A. Houston
                                                          United States District Judge