FILED

13 FEB 21 AM 10: 27

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                              DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY MEDINA,<br><br>             Plaintiff,<br>vs.<br><br>B. MORRIS, et al.,<br><br>             Defendants. | CASE NO. 09cv169-JAH(KSC)<br><br>REPORT AND RECOMMENDATION RE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [Doc. No. 105] |

    Ray Medina, a state prisoner proceeding *pro se*, filed a civil rights Complaint pursuant to Title 42, United States Code, Section 1983, on January 28, 2009. [Doc. No. 1.] After being granted leave to amend, plaintiff filed a First Amended Complaint on November 3, 2011. [Doc. No. 92.] Defendants then filed a Motion to Dismiss the First Amended Complaint and plaintiff was granted leave to file a Second Amended Complaint. Plaintiff's Second Amended Complaint was filed on June 8, 2012. [Doc. No. 102.] Currently before the Court is defendants' Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule 12(b)(6) for failure to state a claim. [Doc. No. 105.] Plaintiff has filed an Opposition to the Motion. Defendants' Motion seeks dismissal of defendants Corona and Guzman, and certain due process claims. For the reasons outlined below, it is RECOMMENDED that defendants' Motion to Dismiss for failure to state a claim be GRANTED.

## Background

Plaintiff alleges that he and some other inmates at Richard J. Donovan state prison filed a grievance seeking return of Native American ceremonial items and requesting that they be allowed to have Native American religious ceremonies at the prison. [Doc. No. 102, at p. 5.] Shortly thereafter, plaintiff alleges that defendants began harassing him by searching his cell and leaving it in disarray several times per week. Plaintiff also claims that defendants harassed him and his Native American peers by strip searching them on the yard numerous times. [Doc. No. 102, at p. 5.]

On March 24, 2007, plaintiff was attending church services in the chapel. He was removed from the chapel during the service because defendant Brown said she saw plaintiff's hands near his groin area and believed he was fondling himself during the church service. [Doc. No. 102, at pp. 5-6.] At that time, defendant Hernandez wanted defendant Brown to write a formal statement about the incident, but she declined to do so. Plaintiff indicated he was upset because he had been falsely accused and would be filing a staff complaint against defendant Hernandez. Allegedly, defendant Brown then said, "If you do, you will regret it." [Doc. No. 102, at p. 6.] A few days later, plaintiff filed a grievance against defendants Brown and Hernandez alleging they fabricated claims against him. [Doc. No. 102, at pp. 6-7.]

On April 5, 2007, plaintiff was served with a rules violation report for masturbation. Inmate Dale informed plaintiff that he, along with defendants Brown, Marrero, and Cortez, filed the rules violation report in order to undermine plaintiff's grievance seeking to practice Native American ceremonies at the prison. [Doc. No. 102, at p. 7.]

On April 6, 2007, inmate Woodson assaulted plaintiff. Plaintiff was sprayed with mace and taken to the program office. After the assault, inmate Dale informed plaintiff that he and defendants Brown and Marrero arranged the attack on plaintiff. In addition, when he was seated near the program office, defendant Brown said "I told you to drop your appeal." [Doc. No. 102, at p. 7.]

After the assault, plaintiff was moved to the administrative segregation unit for safety and security concerns. However, he believes there was a conspiracy by defendants Cortez, Marrero, Brown, and Franco to have him placed in administrative segregation for punitive purposes and false documentation was created to justify this action. Since the placement was actually for disciplinary purposes, plaintiff claims defendant Marrero violated his right to due process. However, plaintiff does not allege how his right to due process was violated. [Doc. No. 102, at p. 8.]

On September 20, 2008, the rules violation report related to the masturbation incident was dismissed. Plaintiff claims the allegations "proved to be false." [Doc. No. 102, at p. 8; 102-1, at p. 33.] Documents attached to the Complaint state that the masturbation charge was "[d]ismissed in the interest of justice" and that the rules violation would be removed from plaintiff's central file. [Doc. No. 102-1, at p. 34.]

Next, plaintiff alleges that defendant Garcia and other officials conspired at a classification hearing to have plaintiff punitively and maliciously assigned to a yard and to "double-cell living status" that put his safety in jeopardy. Previously, officials ridiculed plaintiff by yelling out "pervert" because of the masturbation charge, and this generated animosity between plaintiff and other inmates. On October 8, 2007, plaintiff claims that he was assaulted by inmate Sterling as a direct result of rumors spread by officials about the masturbation charge. [Doc. No. 102, at p. 9.] In addition, plaintiff was attacked or involved in mutual combat on several occasions as a direct result of these rumors. [Doc. No. 102, at p. 10.]

On May 3, 2007, October 13, 2007, and November 17, 2007, plaintiff claims he was assigned to cells with three different inmates even though officials knew these inmates wanted to assault him. As a result, he generated several grievances to put officials on notice, but his concerns were not addressed. Then, on May 11, 2008, plaintiff was approached by an official and asked if he would agree to share a cell with inmate Dale. Plaintiff replied, "No, I don't want problems." Defendant Gonzalez handed plaintiff the "double-celling policy" and told plaintiff his property would be

taken if he did not agree to share a cell with inmate Dale. Plaintiff signed the "double cell chrono" but was later informed by inmate Dale that defendants Morris, Marrero, and Brown were "out to get" plaintiff and they had asked inmate Dale to "put hands" on plaintiff, so plaintiff better watch his back. [Doc. No. 102, at p. 11.]

After a long conversation, inmate Dale sliced plaintiff on the left arm, "manhandle[d]" him against the desk top and tried to pull his boxers down. Plaintiff yelled at inmate Dale and was able to defend himself against this sexual attack until correctional officers arrived and yelled at inmate Dale to stop. Inmate Dale was handcuffed and removed from the cell. Plaintiff placed the weapon on the bottom bunk, and then plaintiff was handcuffed and taken to a holding area. Defendant Payne allegedly disposed of the weapon. [Doc. No. 102, at p. 12.]

On April 26, 2008, a rules violation report was generated against plaintiff alleging he seriously injured inmate Dale. Inmate Dale was charged with a less serious offense. Plaintiff believes defendants engaged in a "cover-up" after the incident. He also believes officials knew inmate Dale had sexually attacked other inmates. As proof, plaintiff had a copy of a document stating inmate Dale raped an inmate at another prison, but this document was confiscated. [Doc. No. 102, at p. 13-14.] Although plaintiff initiated an investigation into this other sexual attack by inmate Dale, he claims it was blocked and denied. [Doc. No. 102, at p. 14.]

On September 22, 2008, plaintiff alleges that defendant Garza maliciously and unfairly found plaintiff guilty of seriously injuring inmate Dale and imposed a term of 24 months in segregated housing and a loss of 365 days of good time credits. By contrast, plaintiff alleges the charges against inmate Dale were dismissed, and he was released back into the general population and double-celled. As a result, other inmates were set up like plaintiff and the incidents were similarly covered up. [Doc. No. 102, at p.15, No. 102-2, at p. 3.

Plaintiff's Complaint also indicates he is pursuing causes of action against defendants for negligence, deliberate indifference, cruel and unusual punishment,

failure to protect, conspiracy, supervisory liability, retaliation, and due process violations. [Doc. No. 102, at pp. 14-21.]

## Discussion

### Motion to Dismiss Standards

A plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (citing Fed.R.Civ.P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant[s] fair notice of what . . . the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A motion to dismiss under Federal Rule 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside*, 534 F.3d at 1121. A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[W[hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. at 94. However, it is not necessary for the Court "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

///

On the other hand, "[a] document filed *pro se* is 'to be liberally construed,' [citation omitted] and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Particularly in civil rights cases, courts have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 (9th Cir. 1985).

### *Abandonment of Claims*

The Motion to Dismiss seeks dismissal of defendants Corona and Guzman on the ground that plaintiff did not re-allege any claims against these defendants in the Second Amended Complaint. In support of their argument, defendants point to the District Court's warning in an Order filed on May 16, 2012 stating that any defendants not re-named and any claims not re-alleged in the Second Amended Complaint would be deemed waived. [Doc. No. 101, at p. 6.]

In his Opposition to defendants' Motion to Dismiss, plaintiff confirmed that he has abandoned any claims against defendants Corona and Guzman. [Doc. No. 107, at p. 3.] It is therefore RECOMMENDED that the District Court GRANT defendants' Motion to Dismiss defendants Corona and Guzman from this action.

### *Favorable Termination Doctrine*

Plaintiff claims his right to due process was violated because he was maliciously and unfairly prosecuted as a result of the incident with inmate Dale. Plaintiff's allegations indicate that he believes the hearing officer was biased against him and that the evidence against him is insufficient to support the guilty finding. Essentially, plaintiff's contentions are that he was sexually attacked by inmate Dale, that inmate Dale used a knife to carry out the attack, and that any injuries to inmate Dale were the result of self defense. [Doc. No. 102, at p. 14-15, 21-22.]

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court indicated that the decision maker in a prison disciplinary proceeding must be "sufficiently impartial" to satisfy the Due Process Clause. *Id.* at 571. Hearing officers

are entitled to a presumption of honesty and integrity. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). In addition, the United States Supreme Court has also held that the "revocation of good time does not comport with 'the minimum requirements of procedural due process,' [citation omitted] unless the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985).

In their Motion to Dismiss, defendants argue that plaintiff's Section 1983 due process claims against defendants are barred by the favorable termination doctrine set forth by our Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). In *Heck v. Humphrey*, 512 U.S. at 477, the United States Supreme Court held that a plaintiff who is convicted of a crime under state law cannot seek damages in a Section 1983 action if a judgment in the plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. An action must be dismissed under *Heck v. Humphrey* if the plaintiff "would have to negate an element of the offense of which he has been convicted" in order to prevail in his Section 1983 action. *Id.* at 487 n.6. In other words, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which Section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (1996). In *Edwards v. Balisok*, 520 U.S. at 647-648, the United States Supreme Court extended this rule to adverse findings in a prison disciplinary proceeding that affect a prisoner's term of confinement, such as the deprivation of good time credits.

Together *Heck v. Humphrey*, 512 U.S. 477, and *Edwards v. Balisok*, 520 U.S. at 647-648, establish that "the favorable termination rule turns solely on whether a successful Section 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). If a successful Section 1983 action would necessarily render a conviction, sentence, or the deprivation of good time

credits invalid, the prisoner must first prove that the conviction, sentence, or administrative sanction has been reversed, expunged, or invalidated. *Heck v. Humphrey*, 512 U.S. at 487-488. The reason for the favorable termination rule is that a petition for writ of habeas corpus is the "exclusive remedy" when a state prisoner challenges the fact or duration of confinement and seeks an immediate or speedier release from that confinement, even if the claim also falls within "the literal terms" of section 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973).

In order to prevail on his Section 1983 due process claims as alleged in the Complaint, plaintiff would have to prove that he was unfairly prosecuted for seriously injuring inmate Dale and that his conviction for this offense is not supported by the evidence in the record. If plaintiff proved these facts in this Section 1983 action, it would be entirely inconsistent with the findings made against him in connection with the administrative proceedings on the rules violation report. In addition, it would necessarily imply the invalidity of the sanctions imposed against him, including the loss of credits which affect the duration of his sentence. In addition, there is nothing to indicate that the findings made or the sanctions imposed against plaintiff in the administrative proceeding have been reversed, expunged, or invalidated. As a result, plaintiff's Section 1983 due process claim related to his conviction for injuring inmate Dale is barred by *Heck v. Humphrey*, 512 U.S. at 477, and *Edwards v. Balisok*, 520 U.S. at 641, and must be dismissed. As a result, it is RECOMMENDED that the Motion to Dismiss be GRANTED to the extent it seeks dismissal of plaintiff's Section 1983 due process claims against defendants alleging he was maliciously and unfairly prosecuted for injuring inmate Dale.

### Due Process/Procedural Safeguards

In connection with his Section 1983 due process cause of action alleging he was maliciously and unfairly prosecuted for injuring inmate Dale, plaintiff also claims that he was entitled to the "procedural safeguards" that were in the "114D lock-up order." [Doc. No. 102, at p. 21.] In their Motion to Dismiss, defendants argue that this claim

should be dismissed because plaintiff does not allege what "procedural safeguards," if any, he was denied.

The Due Process Clause of the Fourteenth Amendment of the United States Constitution provides that no state shall deprive a person of life, liberty, or property without due process of law. Due process rights of prisoners in state institutions "may be diminished by the needs and exigencies of the institutional environment." *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556. However, where inmates have a statutory right to credits against their sentence for good behavior, the loss of such credits does affect a liberty interest protected by the due process clause. *Id.* at 557. A prisoner has a liberty interest in good time credits, because "the loss of such credits threatens his prospective freedom from confinement by extending the length of imprisonment." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. at 454. Under these circumstances, the minimum requirements of procedural due process must be satisfied. *Wolff*, 418 U.S. at 557.

The minimum requirements of due process as set forth by the Supreme Court in *Wolff* are: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and goals, to call witnesses and present documentary evidence to defend against the charges; and (3) a written statement by the factfinders of the reasons for the disciplinary action, as well as the evidence supporting the decision. *Wolff*, 418 U.S. at 564-567.

Here, the Complaint indicates plaintiff had a liberty interest in avoiding the loss of good time credits. However, plaintiff has not alleged any facts in his Complaint to indicate he was denied any of the minimum requirements of due process that are necessary under *Wolff*, 418 U.S. at 564-567. Even if plaintiff could allege specific facts indicating he was denied one or more of the procedural safeguards required by *Wolff*, 418 U.S. at 564-567, there is nothing to indicate he has a viable Section 1983 due

process claim. For the reasons outlined above, it appears that any such claim would imply the invalidity of the results of the disciplinary proceeding and would therefore also be barred by *Heck v. Humphrey*, 512 U.S. at 477, and *Edwards v. Balisok*, 520 U.S. at 641.[1]

### *V. Leave to Amend*.

A court order that grants a motion to dismiss a complaint must be accompanied by leave to amend unless amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*). As noted above, the District Court previously dismissed plaintiff's due process claims based on *Heck v. Humphrey*, 512 U.S. at 477. If plaintiff were granted leave to amend once again, there is nothing to indicate he would be able to allege that the findings and sanctions imposed as a result of the disciplinary proceeding involving the injuries to inmate Dale have been reversed or invalidated. As a result, further leave to amend would be futile. It is therefore RECOMMENDED that the Court dismiss plaintiff's due process claims against defendants with prejudice and without leave to amend.

As to defendants Corona and Guzman, it is also RECOMMENDED that they be dismissed with prejudice and without leave to amend. In his Opposition to defendants' Motion to Dismiss, plaintiff stated that he has abandoned his claims against these defendants. In other words, plaintiff concedes he cannot state a claim against these defendants, so amendment would be futile.

### Conclusion

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to Title 28,

///

---

[1] In his original Complaint, plaintiff specifically alleged that he was denied an investigative employee, a mental health evaluation, and a staff assistant during his hearing. He also alleged that his conviction and loss of credits were based on staff mistakes and false statements made during the hearing. The District Court concluded plaintiff's due process claims in the original Complaint were barred by *Heck v. Humphrey*, 512 U.S. at 477, but plaintiff was granted leave to amend. [Doc. Nos. 75, at p. 19; 82, 4-6.]

United States Code, Section 636(b)(1). For all of the above reasons, this Court RECOMMENDS that:

1. Defendants' Motion to Dismiss be GRANTED with prejudice and without leave to amend as to defendants Corona and Guzman.

2. Defendants' Motion to Dismiss be GRANTED with prejudice and without leave to amend as to plaintiff's claims that his right to due process was violated in the disciplinary proceeding involving the injuries to inmate Dale.

IT IS ORDERED that **_no later than March 8, 2013_** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than ten days after being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Date: Feb. 20, 2013

KAREN S. CRAWFORD
United States Magistrate Judge