UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY MEDINA,<br><br>　　　　　Plaintiff,<br>v.<br>B. MORRIS, *et al.*,<br>　　　　　Defendants. | Civil No. 09cv0169 JAH(KSC)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS [DOC. # 115]; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DOC. # 113]; AND GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. # 105]** |

## INTRODUCTION

Currently pending before this Court is defendants' motion to dismiss plaintiff's second amended complaint [doc. # 105]. Pursuant to Local Rule 72.3 and 28 U.S.C. § 636(b)(1), the Honorable Karen S. Carpenter, United States Magistrate Judge, issued a report and recommendation ("report") recommending defendants' motion be granted. Plaintiff filed objections to the report. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, the report issued by the magistrate judge, the entire record in this case, and for the reasons set forth below, this Court OVERRULES plaintiff's objections, ADOPTS the magistrate judge's report, and GRANTS defendants' motion to dismiss.

//

//

//

# BACKGROUND

Plaintiff, a state prisoner appearing *pro se*, filed the instant complaint pursuant to 42 U.S.C. § 1983 on January 28, 2009, alleging that defendants violated his First, Eighth and Fourteenth Amendment rights when they retaliated against him for filing certain grievances. The retaliation allegations in plaintiff's complaint stem from various incidents, including an attack by another inmate, that occurred after plaintiff filed a group grievance concerning the denial of permission to hold religious ceremonies, and various grievances against correctional officer defendants Brown and Hernandez for allegedly fabricating masturbation charges against plaintiff.

Plaintiff filed a first amended complaint on November 3, 2011, pursuant to this Court's order granting in part and denying in part defendants' motion to dismiss. Plaintiff filed his second amended complaint ("SAC"), the operative pleading here, on June 8, 2012. Defendants filed a motion to dismiss the SAC on July 13, 2012. The motion was subsequently fully briefed by the parties. The magistrate judge issued the report on February 21, 2013. Plaintiff filed his objections to the report on March 14, 2013.

# DISCUSSION

**1.    Legal Standard**

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the court "shall make a *de novo* determination of those portions of the report...to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id.  The party objecting to the magistrate judge's findings and recommendation bears the responsibility of specifically setting forth which of the magistrate judge's findings the party contests. *See* Fed.R.Civ.P. 72(b). It is well-settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. *See* Thomas v. Arn, 474 U.S. 140, 153-55 (1985).

2.     **Analysis**

Defendants move to dismiss all claims against defendants Corona and Guzman and certain due process claims. The magistrate judge found the claims against defendants Corona and Guzman should be dismissed with prejudice based on plaintiff's confirmed abandonment of any claims against them. The magistrate judge further found plaintiff's Section 1983 due process claims against defendants which allege plaintiff was maliciously and unfairly prosecuted for injuring inmate Dale is barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997), because judgment in the plaintiff's favor on these claims "would necessarily imply the invalidity of his conviction or sentence" at the prison disciplinary hearing during which plaintiff lost good time credits. Heck, 512 U.S. at 487; Edward, 520 U.S. at 647-48 (extending the Heck bar to adverse findings in a prison disciplinary proceeding that affects a prisoner's term of confinement such as good time credits). In addition, the magistrate judge found plaintiff's Section 1983 procedural due process claim fails because plaintiff fails to allege he was denied any of the minimum requirements of due process required under Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974). Even if plaintiff could allege facts demonstrating he was denied one of more of the procedural safeguards, the magistrate judge found nothing in the record indicating plaintiff has a viable Section 1983 due process claim and that these claims also are barred by Heck. Lastly, the magistrate judge found that, because plaintiff has already been given more than one opportunity to amend his complaint based on these deficiencies, further leave to amend would be futile.[1]

Plaintiff does not object to the magistrate judge's findings and conclusions concerning the claims against defendants Corona and Guzman. Thus, the Court assumes the correctness of the magistrate judge's factual findings and adopts them in full. *See* Thomas, 474 U.S. at 153-55. In addition, the Court has conducted a *de novo* review,

---

[1] The magistrate judge points out that plaintiff stated, in his opposition to defendants' motion, that he has abandoned his claims against these defendants and thus concedes he cannot state a claim against them, rendering amendment futile. *See* Doc. # 113 at 10.

1  independently reviewing the report and all relevant papers submitted by both parties, and
2  finds that the report provides a cogent analysis of this issue.  Specifically, this Court agrees
3  with the magistrate judge that plaintiff, in his opposition, confirmed he has abandoned his
4  claims against defendants Corona and Guzman.  Thus, this Court ADOPTS the magistrate
5  judge's findings and conclusions regarding the claims against defendants Corona and
6  Guzman and DISMISSES the claims against them with prejudice.
7         Plaintiff does object to the magistrate judge's findings and conclusions concerning
8  his Fourteenth Amendment due process claim contained in the Fourth Cause of Action
9  against defendant Marrero.  Specifically, plaintiff contends this claim relates only to the
10 rules violation report based on a masturbation charge that was later dismissed as false, and
11 does not concern  the rules violation report based on plaintiff's conviction for injuring
12 inmate Dale as discussed by the magistrate judge.  *See* Doc. # 115 at 2-3; Doc. # 113 at 8.
13 Plaintiff explains that his due process claim against defendant Marrero stems from his
14 being placed in administrative segregation on April 6, 2007, and then having been denied
15 due process during the "lock-up process order" dated April 9, 2007.  Doc. # 115 at 3.
16         This Court's *de novo* review of the record reveals the magistrate judge's assessment
17 of plaintiff's Fourth Cause of Action is correct.  The SAC clearly states plaintiff was
18 removed from the general population and placed in administrative segregation on April 6,
19 2008, the same time period during which plaintiff was placed in administrative segregation
20 due to injuring inmate Dale,  *See* SAC ¶ 86.  Although there are factual allegations
21 concerning the April 2007 placement in administrative segregation due to the false
22 masturbation charge, plaintiff's Fourth Cause of Action does not contain such allegations.
23 *See* SAC ¶¶ 23-37; *compare* SAC ¶¶ 85-90.  Therefore, this Court OVERRULES plaintiff's
24 specific objection to the magistrate judge's report and ADOPTS the findings and
25 conclusions concerning plaintiff's Fourteenth Amendment due process claim based on the
26 due process received in disciplinary proceedings involving injuries to inmate Dale
27 contained in his Fourth Cause of Action and DISMISSES the claim as barred by Heck.
28 //

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to the report are OVERRULED;
2. The findings and conclusions presented in the report [doc. # 113] are **ADOPTED** *in toto*;
3. Defendants' motion to dismiss plaintiffs' complaint [doc. # 105] is **GRANTED in its entirety**;
4. Plaintiff's claims against defendants Corona and Guzman are **DISMISSED WITH PREJUDICE**; and
5. Plaintiff's claims that his due process rights were violated in the disciplinary proceeding involving the injuries to inmate Dale are **DISMISSED WITH PREJUDICE**.

DATED:   March 19, 2013

JOHN A. HOUSTON
United States District Judge